IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| v. ] | |
| ] | |
| GREGORY JOHN KATOPODIS, ] | Case No. 2:12-cv-8047-KOB-TMP |
| ] | 2:08-cr-418-KOB-TMP |
| Defendant/Movant. ] | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Dr. Gregory John Katopodis' letter to the court, which the court received on March 26, 2015. (Doc. 21). Although in letter form, the court will treat Katopodis' communication as a motion requesting either (1) reconsideration of the court's September 16, 2014 Order denying Katopodis' petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and/or (2) issuance of a certificate of appealability of the court's September 16, 2014 Order. *See Stevens v. Wachovia Bank, N.A.*, 374 Fed. App'x 849, 850 (11th Cir. 2010) ("We liberally reads briefs filed by pro se litigants."). For the reasons discussed below, the court will deny Katopodis' motion to reconsider and will deny Katopodis' motion for a certificate of appealability.

### I.   Motion to Reconsider

Katopodis asks the court to reconsider its Order denying his § 2255 petition. Because the motion to reconsider is untimely and has no merit, the court will deny Katopodis' motion.

### A.   Timeliness

The court denied Katopodis' § 2255 petition on September 16, 2014. (Doc. 19). The clerk mailed a copy of the Order to Katopodis' address on file with the clerk on September 16, 2014.

1

(Unnumbered docket entry dated September 16, 2014). The Order was returned as undeliverable on October 20, 2014. (Doc. 20). On January 11, 2015, Katopodis sent a letter to the court inquiring as to the status of his § 2255 petition. On January 21, 2015, the clerk mailed a copy of the Order to the address on Katopodis' January 11, 2015 letter.

In his motion to reconsider, Katopodis states that he first received a copy of the Order on February 3, 2015. Katopodis mailed a letter to the court postmarked March 3, 2015 asking the court to reconsider its September 16, 2014 ruling. (Doc. 21-1, 1). The court received Katopodis' March 3, 2015 letter on March 26, 2015. (Doc. 21). Thus, 192 days passed between entry of judgment by the court on September 16, 2014 and receipt of Katopodis' motion to reconsider.

A motion to reconsider is analyzed under either Federal Rule of Civil Procedure 59(e) or 60(b). Under Rule 59(e), a motion to reconsider "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Rule 60(b), however, a motion to reconsider "must be made within a reasonable time . . . after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The "court must not extend the time to act under Rules . . . 59(e)[] and 60(b)." Fed. R. Civ. P. 6(b); *see Jackson v. Crosby*, 375 F.3d 1291, 1296 (11th Cir. 2004) (finding additional three days allowed under Fed. R. Civ. P. 6 when a party is served by mail does not apply to Rule 59(e) or Rule 60(b) motions).

First, Katopodis' motion to reconsider is not timely under Rule 59(e). The court entered judgment against Katopodis on September 16, 2014 and any motion to reconsider under Rule 59(e) was due by October 14, 2014. Katopodis argues that the time to file his motion to reconsider is tolled because he did not know the court had entered judgment until he received the court's Order on February 3, 2015. (Doc. 21, 1). However, "[f]or purposes of Rule 59(b) and

(e)'s [28 day] limitations periods, we focus on when the judgment is entered, not when it is served." *Jackson*, 375 F.3d at 1294, nt. 5; *see F.T.C. v. RCA Credit Servs., LLC*, 440 Fed. App'x 831, 833 (11th Cir. 2011) (applying rule to *pro se* litigant).

Katopodis argues the *court* should have followed up with the probation office to learn his current address. However, the litigant, *i.e.* Katopodis, bears the burden and responsibility to inform the Clerk of any change of address. A return address on an envelope does not constitute direction to the Clerk to change the address on the docket sheet. Katopodis cannot shift responsibility for notification of his change of address to the court. Although Katopodis did inform the Clerk of his new address for his *criminal* case with its case number, he failed to include any update for his § 2255 petition and its *separate* case number. The court has thousands of cases while Katopodis has two or three at most. The burden remains with him to update his address by reference to each case number.

Simply too many days have passed for the court to find that Katopodis' motion to reconsider is timely under Rule 59(e). *See Cotton v. G.S. Dev.*, 390 Fed. App'x 875, 877 (11th Cir. 2010) ("Liberal construction does not mean liberal deadlines." (citations omitted)). Even if the court accepted Katopodis' statement that he received the court's Order on February 3, 2015, his motion is still too late under Rule 59(e).

However, Katopodis' motion to reconsider is timely under Rule 60(b). The court entered judgment against Katopodis on September 16, 2014 and any motion to reconsider under Rule 60(b) was due within a reasonable time.

*Pro se* litigants still must file their Rule 60(b) motions to reconsider within a reasonable time. *See Bonadonna v. Unknown Defendant*, 181 Fed. App'x 819, 823 (11th Cir. 2006) (20 year

delay is unreasonable); *see Bucklon v. Sec'y, Florida Dep't of Corr.*, --- Fed. App'x ---, No. 13-14474, 2015 WL 1321470, at *3 (11th Cir. Mar. 25, 2015) (18 month delay is reasonable); *see United States v. Bolles*, No. 1:02-CR-00045-MP-GRJ, 2012 WL 2003351, at *2 (N.D. Fla. May 2, 2012) report and recommendation adopted, No. 1:02CR45-MP-GRJ-3, 2012 WL 2003341, at *1 (N.D. Fla. June 5, 2012) ("several months" delay is reasonable).

"In determining whether a Rule 60(b) motion was filed within a reasonable time after the entry of judgment, courts routinely look to whether the movant acted with due diligence." *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 692 (S.D. Fla. 2007). "For example, in situations where the movant claims that it did not receive notice of the final judgment, courts look to whether the party attempted to obtain a copy of the final judgment including whether the movant periodically contacted the court to inquire as to the status of the case." *Id.* (citing multiple cases).

Here, although Katopodis did not file his motion to reconsider until 192 days after the entry of judgment, Katopodis did not receive a copy of the letter until the after clerk mailed the Order to his new address on January 21, 2015. Further, Katopodis did follow up with the court several months after the court entered the Order to check on the status of his case when he mailed his January 11, 2015 letter. Finally, Katopodis is proceeding *pro se* and does not have access to an ECF account to check the status of his case online. Therefore, the several month delay in filing his Rule 60(b) motion to reconsider is reasonable and the court finds that his motion is timely under Rule 60(b).

  B.  Merits

Whether to grant a timely motion to reconsider under Federal Rule of Civil Procedure 59(e) or 60(b) is within the discretion of the trial court. *See Smith v. Casey*, 741 F.3d 1236, 1241

4

(11th Cir. 2014). A motion to reconsider "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Maryland v. Am. Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)).

Three grounds justify reconsideration of an order: (1) an intervening change in the law, (2) the availability of new evidence, and (3) the need to correct a clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration is an *extraordinary* remedy that should be employed sparingly in the interests of finality and conservation of scarce judicial resources. *See Sonnier v. Computer Programs & Systems, Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001).

Katopodis' motion is, as Katopodis states, mostly "editorial content." (Doc. 21, 8). The court refuses to stoop to comment on Katopodis' personal opinions, which are irrelevant to the disposition of his motion to reconsider.

Additionally, Katopodis' motion raises no new substantive issues to support reconsideration. Katopodis points to no intervening change in the law between the court's Order and the date of his motion to reconsider. Katopodis does not proffer any new relevant evidence uncovered since the court's Order. Katopodis submits no allegations of clear error or manifest injustice beyond rehashing the same arguments from his § 2255 petition, which the court has already rejected. "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Johnson-Moseley v. Alabama Unified Judicial Sys.*, No. CIV.A. 12-0184-CG-N, 2014 WL 4376116, at *1 (S.D. Ala. Sept. 4, 2014) (quoting *Quaker*

*Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D .Ill.1988)). Merely disliking the court's ruling on his § 2255 petition does not entitle Katopodis to reconsideration.

In summary, Katopodis' motion to reconsider is not timely under Rule 59(e) but is timely under Rule 60(b). However, the motion to reconsider lacks merit, regardless of which rule the court employs to analyze the motion. Accordingly, the court will deny Katopodis' motion to reconsider its September 16, 2014 Order.

### II.     Motion for Certificate of Appealability

Katopodis asks the court to "issue a certificate of appealability to allow [him] to carry [his] case before the 11th Circuit Court of Appeals." (Doc. 21, 1).

"Prisoners who move to vacate their sentences may contest only a narrow subset of issues to [the Eleventh Circuit]." *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C.A. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. "[A] certificate of appealability . . . must specify what constitutional issue jurists of reason would find debatable." *Spencer*, 773 F.3d at 1138.

Here, Katopodis' motion for a certificate of appealability is insufficient. Katopodis has not made a substantial showing regarding the denial of a constitutional right. In his § 2255 petition Katopodis claimed (1) ineffective assistance by Katopodis' trial and appellate counsel; (2) intentional presentation of perjured testimony and false evidence by the prosecution; (3) suppression of exculpatory evidence by the prosecution; and (4) prosecutorial tainting of the trial.

(Doc. 1). The court found in its September 16, 2014 Memorandum Opinion that Katopodis' claims in his § 2255 petition had no merit in part because of the "overwhelming" evidence of Katopodis' guilt.[1] (Doc 18). Katopodis' motion for certificate of appealability repeats the same arguments from his § 2255 petition. (Doc. 21).

No reasonable jurist would find debatable the merits of Katopodis' claims. "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer*, 773 F.3d at 1138. Rather, "a district court lacks the authority to review the alleged error[s] unless the claimed error[s] constitute a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation marks omitted). No miscarriage of justice occurred here. Instead, justice has been served and the court will deny Katopodis' motion for a certificate of appealability.

### III.    Conclusion

For the reasons discussed above, the court **DENIES** Katopodis' motion to reconsider and **DENIES** Katopodis' motion for a certificate of appealability. The court will file a separate order.

**DONE** and **ORDERED** this 7th day of April, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Katopodis disputes that the evidence against him was "overwhelming" and asserts he accomplished much good through Computer Help for Kids, contributing his own money to the charity. A court of law does not weigh good deeds versus bad deeds when reaching a decision or imposing a sentence. Katopodis refuses to acknowledge that once money was donated to the charity, his and that of the Jefferson County government, it belonged to the charity and he no longer had a right to any of that money for his own use. The evidence was "overwhelming" that he used the funds in the charity's bank account as his own piggy bank.

7